**DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $22,970 in United States currency and (3) MoneyGram Money Orders totaling $2,900.

I, Robert J. Mignogna, Task Force Officer (TFO) assigned to Homeland Security Investigations, submit that there are sufficient facts to support a reasonable belief that $22,970 in United States currency and (3) MoneyGram Money Orders totaling $2,900. constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

   a. On February 1, 2012, Maryland State Police Trooper V. Taylor, stopped a 2010 Chrysler, Town and Country Mini-van, displaying Florida registration 283YSH (the "Vehicle") on southbound I-95 in Prince George's County Maryland for speeding.
   b. The driver of the Vehicle presented a New York Driver's License that identified him as M. Ouldisselmouosnegl ("Ouldisselmouosnegl"). A passenger in the van presented a United States Employment Identification Card that identified him as Boubaer Moctar Haiballa.
   c. Ouldisselmouosnegl produced documentation from Thrifty Car Rental indicating that the vehicle was rented on January 23, 2012 in Richmond, Virginia.
   d. Ouldisselmouosnegl reported that he and the passenger were traveling to Richmond, Virginia to see a friend and they planned to stay (2) – (3) days. Trooper Taylor observed no luggage in the van only numerous blankets located in the rear cargo area.
   e. Trooper Taylor found Ouldisselmouosnegl to be very nervous and noted in his report that his hand was "abnormally shaking."
   f. A K-9 scan of the Vehicle was conducted and resulted in a positive response for the presence of narcotics.
   g. During a Probable Cause search of the Vehicle, Trooper Taylor located a notebook containing handwritten lists of cigarette brands and quantities, a torn Newport cigarette carton, one (1) empty cardboard box containing a Marlboro cigarette logo, one (1) box of Redmax trash bags and one (1) black trash bag containing a large amount of United States currency and three (3) MoneyGram Money Orders.
   h. Ouldisselmouosnegl claimed ownership of the currency and later said he owned a grocery store and was traveling to Virginia to purchase groceries.
   i. Within the trash bag Troopers recovered multiple bundles of United States currency in the following denominations, $5 (30), $10 (77), $20 (495), $50

(51), $100 (96), totaling $22,970.00 and (3) MoneyGram Money Orders totaling $2,900.00. The method of transportation and packaging of the currency was consistent with that commonly used by individuals who are engaged in illegal trafficking and money laundering activities.

j. A secondary K-9 scan of the currency was performed in a controlled environment at the Forestville Barrack and resulted in a positive alert for the presence of narcotics on the currency.

k. Immigration records reveal that Ouldisselmouosnegl is legally present in the United States. His listed name is Mohamedou Ould Isselmou Sneiguel, SSN ███████.

l. No wage records could be located for SSN ███████.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $22,970.00 IN UNITED STATES CURRENCY AND $2,900.00 IN MONEYGRAM MONEY ORDERS, ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
Robert J. Mignogna
Task Force Officer
Homeland Security Investigations

2/19/2013
Date